UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Calton, Inc. and Gildea Management Company,
Plaintiffs,

Court File No. 01-1652 (MJD/JGL)

CorVu Corporation, Jon Adams Financial Co., L.L.P., Equity Securities Investments, Inc., David Carlson, Ismail Kurdi, Justin MacIntosh, James L. Mandel, Pierce A. McNally, Alan Missroon, and Edward S. Adams,

Defendants.

**STIPULATION OF CONFIDENTIALITY AND ORDER FOR PROTECTION OF RECORDS AND INFORMATION**

## STIPULATION

IT IS HEREBY STIPULATED AND AGREED, by and between the parties through their counsel, that certain records or documents and information produced or provided by Defendants or Plaintiffs during the course of this action pursuant to Rule 26 of the Federal Rules of Civil Procedure or in response to a Request for Production of Documents or Interrogatories or any other discovery procedure, may be deemed to contain confidential information. Therefore, the parties stipulate that this Court should enter an Order protecting any such documents and information as follows:

1. Until further order of this Court, stipulation of the parties or as otherwise provided herein, the documents referred to above and any information derived therefrom shall be treated by the parties as confidential. All such documents shall be marked "CONFIDENTIAL."

FILED ... 8 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

2. A party may designate material as confidential only after making a bona fide determination that the material contains information which is a trade secret or other confidential research, development, or commercial information, including, but not limited to, business records and other information or documents that are proprietary to the party or are otherwise non-public information ("Confidential Materials"). Any dispute between the parties as to the confidentiality of any specific material shall be resolved pursuant to Paragraph 3 of this Stipulation of Confidentiality and Order for Protection of Records and Information ("Protective Order").

3. If a party believes that any material that is designated "CONFIDENTIAL" does not contain any of the types of information described in Paragraph 2, that party shall, within thirty (30) days of the service of such materials, contest the applicability of this Protective Order to such material by notifying the attorneys for the other parties, in writing, and specifically identifying the material for which the confidentiality designation is contested. Upon receipt of such notification, the party whose designation is at issue shall have thirty (30) days in which to make a Motion for Protective Order with respect to such material. Any contested material for which such a Motion is not timely made or as to which requested relief is not granted shall be deemed outside the scope of this Protective Order.

4. The Confidential Materials produced by Defendants or Plaintiffs and any information derived therefrom shall be available only to Defendants' or Plaintiffs' attorneys of record, employees of their respective law firms who are directly assisting in this case, officers and/or employees of the parties directly involved in the defense or prosecution of the action, court officials involved in this litigation, and any expert witness retained on behalf of any party to testify on a subject matter directly involving such Confidential Materials. Disclosure to any individual other than court personnel, the parties' officers and employees as described above, and the attorneys

of record (who are bound to the terms of this Protective Order), such as witnesses and expert witnesses, shall be made only as necessary for the pursuit of this action and only after the person to whom the disclosure is made has been informed of and has agreed in writing under oath to be bound by the terms of this Protective Order by signing the "Agreement to Be Bound by Stipulation of Confidentiality" attached hereto. The Confidential Materials and any information derived therefrom shall not be made available to any other person or entity without the prior written consent of the Defendants or Plaintiffs, as applicable.

5. Neither the Confidential Materials nor any information derived therefrom shall be used or communicated by any person receiving the Confidential Materials or information in accordance with this Protective Order for any purpose whatsoever other than for use in this action. The Confidential Materials and information covered by this Protective Order shall be used solely for purposes of this action and shall not be used or disclosed for any business or other purpose.

6. Nothing in this Protective Order shall be construed to limit the use or disclosure of any of the Confidential Materials or any information derived therefrom at or during any deposition, trial or hearing, or on any appeal, in this action so long as the use or disclosure does not violate the terms of this Protective Order. Any Confidential Materials and information covered by this Protective Order which, consistent with this Protective Order, are revealed by or included in any discovery proceedings (whether formal or informal, and whether in the form of depositions, transcripts, interrogatory answers, document production or otherwise) or in any motions, pleadings, affidavits, briefs, memoranda or other papers filed or submitted to the Court, or in connection with any appeal or other proceeding, shall be subject to this Protective Order and shall be placed under seal. As to any such Confidential Materials or information filed with or provided to any Court in this matter, the Clerk of Court shall maintain under seal all such Confidential Materials and/or

information or the portion of the deposition transcript, motion, hearing or other transcripts, interrogatory answers, or other materials containing such Confidential Materials and/or information to be made available only to the Court and to counsel for the parties in this proceeding until further Order of the Court.

7. Prior to the trial of this matter, counsel for the parties shall seek to reach agreement on the handling of Confidential Materials and information covered by this Protective Order at trial so as to provide protection against public disclosure without in any way infringing on the rights of the parties to present any evidence they deem necessary at such trial and shall submit such agreement, or proposals if no agreement can be reached, to the Court for its consideration.

8. There shall be no reproduction whatsoever of the Confidential Materials, except that which is required in preparation for pre-trial discovery and/or motions, in preparation for trial, trial, post-trial motions or any appeals. Copies, excerpts or summaries may be shown or given only to those authorized to receive such information pursuant to this Protective Order.

9. Counsel for any party, experts and all others who have had access to any Confidential Materials pursuant to this Protective Order shall, upon request of counsel for the producing party, return the Confidential Materials, including all copies, excerpts or summaries thereof, to counsel for the producing party within 30 days of the final termination of this action including all appeals.

Dated: January 25, 2002

James K. Langdon II (#171931)
DORSEY & WHITNEY L.L.P.
Suite 1500
50 South Sixth Street
Minneapolis, Minnesota 55402-1498
Phone: (612) 340-8759
**ATTORNEYS FOR PLAINTIFFS CALTON, INC. AND GILDEA MANAGEMENT COMPANY**

Dated: Jan 30, 2002

James E. Dorsey (#137893)
Matthew T. Boos (#237310)
FREDRIKSON & BYRON, P.A.
1100 International Centre
900 Second Avenue South
Minneapolis, Minnesota 55402
Phone: (612) 347-7000

**ATTORNEYS FOR DEFENDANTS CORVU CORPORATION, DAVID CARLSON, ISMAIL KURDI, JUSTIN MACINTOSH, JAMES L. MANDEL, PIERCE A. MCNALLY, AND ALAN MISSROON**

Dated: Feb. 7, 2002

Christopher W. Madel (#230297)
Anne M. Lockner (#295516)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015
Phone: (612) 349-8500

**ATTORNEYS FOR DEFENDANTS JON ADAMS FINANCIAL CO., L.L.P., EQUITY SECURITIES INVESTMENTS, INC., AND EDWARD S. ADAMS**

**ORDER FOR PROTECTION OF RECORDS AND INFORMATION**

**IT IS SO ORDERED.**

Dated: Feb 8, 2002

MAG. JUDGE OF DISTRICT COURT

**AGREEMENT TO BE BOUND BY STIPULATION OF CONFIDENTIALITY**

I hereby state that I have read the Stipulation of Confidentiality and Order for Protection of Records and Information in the matter of Calton, Inc. and Gildea Management Co. v. Corvu Corp., et al., Court File No. 01-1652 MJD/JGL, in the United States District Court for the District of Minnesota. I understand its terms, and I agree to be bound by its terms. I understand that unauthorized disclosure of stamped Confidential Material or information that is confidential may constitute contempt of court, and I agree to the exercise of personal jurisdiction over me by the United States District Court for the District of Minnesota.

Dated: _______________, 2002 By: ____________________________________

STATE OF MINNESOTA )
) ss:
COUNTY OF___________ )

I ___________________________________, a Notary Public, do hereby certify that ______________________________, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that (s)he signed and delivered the said instrument as his/her free and voluntary act, for the uses and purposes therein set forth.

Given under my hand and official seal this _____ day of ___________, 2002.

_____________________________________
NOTARY PUBLIC

My Commission Expires:

________________________

::ODMA\PCDOCS\FBDOCS1\2607454\1